**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Harvey Johnson,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 1:19-cv-889-RP** |
| | § | |
| **Subaru Corporation f/k/a** | § | **JURY DEMANDED** |
| **Fuji Heavy Industries, Ltd. and** | § | |
| **Subaru of America, Inc.,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT SUBARU CORPORATION'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

DEFENDANT SUBARU CORPORATION ("SBR") files this Answer to Plaintiff's

Complaint ("Complaint"), including Affirmative Defenses, and its Jury Demand.

**ANSWER**

**I. Parties**

1.      The allegations in paragraph 1 of the Complaint do not pertain to SBR, and

no response is required.  To the extent any response is deemed to be required, SBR is

without sufficient knowledge or information to admit or deny the allegations and therefore

denies same.

2.      SBR admits that it is a Japanese corporation and is not challenging service

or jurisdiction in this matter, but otherwise denies the allegations in paragraph 2 of the

Complaint.

3.      The allegations in paragraph 3 of the Complaint do not pertain to SBR, and

no response is required.  To the extent any response is deemed to be required, SBR is

without sufficient knowledge or information to admit or deny the allegations and therefore denies same.

## II. Jurisdiction

4.      SBR lacks sufficient information regarding the citizenship of the parties to admit whether federal diversity jurisdiction is proper.  However, SBR understands that Plaintiff alleges that federal jurisdiction exists in the case pursuant to the provisions of 28 U.S.C. Section 1332 given that the parties are purportedly citizens of different states and the purported amount in controversy exceeds the value of $75,000.  However, SBR reserves the right to contest these alleged jurisdictional facts as additional information becomes available to it.

5.      SBR lacks sufficient information regarding the citizenship of the parties to admit whether federal diversity jurisdiction is proper.  However, SBR understands that Plaintiff alleges that federal jurisdiction exists in the case pursuant to the provisions of 28 U.S.C. Section 1332 given that the parties are purportedly citizens of different states and the purported amount in controversy exceeds the value of $75,000.  However, SBR reserves the right to contest these alleged jurisdictional facts as additional information becomes available to it.

## III. Facts

6.      SBR is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 of the Complaint.

7.      SBR is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint.

8.      SBR is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

9.      SBR is without knowledge or information sufficient to admit or deny the factual allegations in paragraph 9 of the Complaint; however, SBR denies that the 2016 Subaru Forester was defective or that any defect in the vehicle caused or contributed to Plaintiff's injuries.

10.      Paragraph 10 of the Complaint fails to state a claim against SBR; therefore, no response is required.  SBR denies that it was negligent, that the 2016 Subaru Forester was defective and that the statement(s) in this paragraph are complete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

11.      Paragraph 11 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR states that the terms of the National Traffic and Motor Vehicle Safety Act of 1966 and any Federal Motor Vehicle Safety Standards promulgated thereafter speak for themselves.

12.      Paragraph 12 of the Complaint fails to state a claim against SBR; therefore, no response is required.  SBR further states that the National Transportation Safety Board speaks for itself at the various times and denies that the statements are complete.

13.      Paragraph 13 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required, SBR states that the statement(s) in this paragraph are incomplete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

14.     Paragraph 14 of the Complaint fails to state a claim against SBR; therefore, no response is required.  SBR denies that it was negligent and that the 2016 Subaru Forester was defective.  SBR further states that the statement(s) in this paragraph are incomplete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

## IV. Duty to Make a Safe Vehicle

15.     Paragraph 15 of the Complaint fails to state a claim against SBR; therefore, no response is required.  SBR denies that it was negligent, that the 2016 Subaru Forester was defective and that the statement(s) in this paragraph are complete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

16.     Paragraph 16 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR states that Ms. Barra speaks for herself, that SBR is without sufficient information of what has been said over time by Ms. Barra and that SBR denies that the statement(s) in this paragraph are a complete recitation of the context of and of all the statements of Ms. Barra on the subject.

17.     Paragraph 17 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR states that it is without sufficient information of what has been said by "General Motors" and that SBR denies that the statement(s) in this paragraph are a complete recitation of the context of and of all the statements of General Motors on the subject.

18.     Paragraph 18 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR states

that it is without sufficient information of what has been said by "Ford" and that SBR

denies that the statement(s) in this paragraph are a complete recitation of the context of

and of all the statements of Ford Motor Company on the subject.

19.     Paragraph 19 of the Complaint fails to state a claim against SBR; therefore,

no response is required.  To the extent any response is required, SBR states that it is

without sufficient information of what has been said by "Ford" and that SBR denies that

the statement(s) in this paragraph are a complete recitation of the context of and of all the

statements of Ford Motor Company on the subject.

20.     Paragraph 20 of the Complaint fails to state a claim against SBR;

therefore, no response is required.  To the extent any response is required, SBR states

that Mr. Iacocca speaks for himself, that SBR is without sufficient information of what has

been said over time by Mr. Iacocca and that SBR denies that the statement(s) in this

paragraph are a complete recitation of the context of and of all the statements of Mr.

Iacocca on the subject.

21.     Paragraph 21 of the Complaint fails to state a claim against SBR; therefore,

no response is required.  To the extent any response is deemed to be required, SBR

states that "Toyota" speaks for itself, that SBR is without sufficient information of what

has been said over time by "Toyota" and that SBR denies that the statement(s) in this

paragraph are a complete recitation of the context of and of all the statements of "Toyota"

on the subject.

22.     Paragraph 22 of the Complaint fails to state a claim against SBR; therefore,

no response is required.  To the extent any response is deemed to be required, SBR

states that "Toyota" speaks for itself, that SBR is without sufficient information of what

has been said over time by "Toyota" and that SBR denies that the statement(s) in this paragraph are a complete recitation of the context of and of all the statements of "Toyota" on the subject.

23.     Paragraph 23 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required, SBR states that "Mercedes" speaks for itself, that SBR is without sufficient information of what has been said over time by "Mercedes" and that SBR denies that the statement(s) in this paragraph are a complete recitation of the context of and of all the statements of "Mercedes" on the subject.

24.     Paragraph 24 of the Complaint fails to state a claim against SBR; therefore, no response is required.  SBR states that "Honda" speaks for itself, that SBR is without sufficient information of what has been said over time by "Honda" and that SBR denies that the statement(s) in this paragraph are a complete recitation of the context of and of all the statements of "Honda" on the subject.

25.     Paragraph 25 of the Complaint fails to state a claim against SBR; therefore, no response is required.  SBR states that "Volvo" speaks for itself, that SBR is without sufficient information of what has been said over time by "Volvo" and that SBR denies that the statement(s) in this paragraph are a complete recitation of the context of and of all the statements of "Volvo" on the subject.

26.     Paragraph 26 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to required, SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

27.     Paragraph 27 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required, SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

28.     Paragraph 28 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required, SBR denies that it was negligent and that the 2016 Subaru Forester was defective and otherwise denies that the statement(s) in this paragraph are complete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

29.     Paragraph 29 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required, SBR denies that it was negligent and that the 2016 Subaru Forester was defective and otherwise denies that the statement(s) in this paragraph are complete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

30.     Paragraph 30 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR states that the negligence and product liability rules of various states speak for themselves.  SBR denies it was negligent and denies that the 2016 Subaru Forester was defective and otherwise denies that the statement(s) in this paragraph are complete as stated, as the complete context is not provided, and it oversimplifies the subjects of automobile design and safety.

## V. Cause(s) of Action as to the Subaru Defendants

31.     Paragraph 31 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR incorporates its responses to all the preceding paragraphs.

32.     SBR admits that it designs, tests and manufactures Subaru brand vehicles including the 2016 Subaru Forester.  SBR denies that it sold or distributed the subject vehicle in the United States.

33.     SBR admits that it designs, tests and manufactures Subaru brand vehicles including the 2016 Subaru Forester.  SBR denies that it sold or distributed the subject vehicle in the United States.

34.     SBR denies the allegations in paragraph 34 of the Complaint.

35.     SBR denies the allegations in paragraph 35 of the Complaint.

36.     SBR denies the 2016 Subaru Forester was defective and therefore denies the remaining allegations in paragraph 36 of the Complaint.

37.      SBR denies the 2016 Subaru Forester was defective and therefore denies the remaining allegations in paragraph 37 of the Complaint.

38.     SBR admits that vehicles will be involved in accidents.  SBR has insufficient information to admit or deny whether the particular accident at issue was foreseeable. Accordingly, SBR denies the allegations in paragraph 38 of the Complaint.

39.     SBR denies the allegations in paragraph 39 of the Complaint.

40.     SBR admits that it designs, tests and manufactures Subaru brand vehicles including the 2016 Subaru Forester.  SBR denies that it sold or distributed the subject vehicle in the United States.

41.     SBR denies the allegations in paragraph 41 of the Complaint.

42.     SBR denies the allegations in paragraph 42 of the Complaint.

43.     SBR admits that it designs, tests and manufactures Subaru brand vehicles including the 2016 Subaru Forester.  SBR denies that it sold or distributed the subject vehicle in the United States and denies the remaining allegations in paragraph 43 of the Complaint.

44.     SBR denies the allegations in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

46.     Paragraph 46 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

47.     Paragraph 47 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

48.     Paragraph 48 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

49.     Paragraph 49 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

50.     Paragraph 50 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

51.     Paragraph 51 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

52.     Paragraph 52 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

53.     Paragraph 53 of the Complaint states a legal conclusion and fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

54.     SBR denies the allegations in paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required, SBR has insufficient information to admit or deny whether the "code of ethics" cited by Plaintiff are complete or accurately quoted.

56.     Paragraph 56 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is deemed to be required SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

57.     Paragraph 57 of the Complaint fails to state a claim against SBR; therefore, no response is required.  To the extent any response is required, SBR states that it is

without sufficient information of what has been said by "General Motors" and that SBR

denies that the statement(s) in this paragraph are a complete recitation of the context of

and of all the statements of General Motors on the subject.

58.     Paragraph 58 of the Complaint fails to state a claim against SBR; therefore,

no response is required.  To the extent any response is required, SBR states that it is

without sufficient information of what has been said by "Ford" and that SBR denies that

the statement(s) in this paragraph are a complete recitation of the context of and of all the

statements of Ford Motor Company on the subject.

59.     Paragraph 59 of the Complaint fails to state a claim against SBR; therefore,

no response is required.  To the extent any response is required, SBR states that it is

without sufficient information of what has been said by "Ford" and that SBR denies that

the statement(s) in this paragraph are a complete recitation of the context of and of all the

statements of Ford Motor Company on the subject.

60.     SBR denies the allegations in paragraph 60 of the Complaint.

61.     SBR denies the allegations in paragraph 61 of the Complaint.

62.     SBR denies the allegations in paragraph 62 of the Complaint.

63.     SBR denies the allegations in paragraph 63 of the Complaint.

64.     SBR denies the allegations in paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint fails to state any claims against SBR;

therefore, no response is required.  To the extent any response is required, SBR denies

that it was negligent and that the 2016 Subaru Forester was defective.

66.     Paragraph 66 of the Complaint fails to state any claims against SBR; therefore, no response is required.  To the extent any response is required, denies that it was negligent and that the 2016 Subaru Forester was defective.

67.     Paragraph 67 of the Complaint fails to state any claims against SBR; therefore, no response is required.  To the extent any response is required, SBR denies that it was negligent and that the 2016 Subaru Forester was defective.

68.     Paragraph 68 of the Complaint fails to state any claim against SBR; therefore, no response is required.

69.     Paragraph 69 of the Complaint fails to state any claim against SBR; therefore, no response is required.

70.     SBR denies the allegations of paragraph 70 of the Complaint.

## VI.  Damages to Plaintiff

71.     SBR denies the allegations in paragraph 71 of the Complaint.

72.     SBR denies the allegations in paragraph 72 of the Complaint.

73.     SBR denies the allegations in paragraph 73 of the Complaint.

## VII. Jury Demand

74.     Paragraph 74 of the Complaint fails to state any claim against SBR; therefore, no response is required.  To the extent any response is required, SBR joins in the request for a jury.

## VI. Conclusion Prayer

75.     SBR admits that Plaintiff seeks relief as alleged in the prayer to the Complaint but denies that SBR was negligent, the cause of, or is liable for any of Plaintiff's

alleged injuries or damages and denies any remaining allegations in the Prayer of the Complaint.

## AFFIRMATIVE DEFENSES

SBR affirmatively shows that:

### STATUTE OF LIMITATIONS

1.      Plaintiff's causes of action are barred by the applicable statute of limitations because Plaintiff failed to serve SBR within the applicable statute of limitations.

### NEGLIGENCE OF PLAINTIFFS AND/OR OTHER THIRD PARTIES

2.      The negligence, acts and conduct of Plaintiff, and/or other third persons, parties, legal entities or instrumentalities over whom SBR had no control were a proximate cause and/or the sole proximate cause and/or a producing cause and/or the cause in whole or in part of the incident giving rise to this lawsuit.  SBR therefore invokes the comparative responsibility provisions of the Texas Civil Practice & Remedies Code.  In the unlikely event any liability is found on the part of SBR, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiff and/or other third parties.

### COMPLIANCE WITH GOVERNMENT STANDARDS

3.      The subject vehicle complied with or exceeded all applicable FMVSS and all other mandatory standards or regulations adopted or promulgated by the Federal Government or an agency of the Federal Government that were applicable to the product at the time of manufacture.  Accordingly, SBR is entitled to a presumption and finding of no liability pursuant to Chapter 82 of the Texas Civil Practice and Remedies Code.

Further, Plaintiffs' claims may be barred and/or preempted, in whole or in part, by the doctrine of federal preemption.

### DEMAND FOR CAPS, CREDITS AND OTHER OFFSETS

4.      In the unlikely event that an adverse judgment would be rendered against SBR, SBR is entitled to all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and applicable law.

5.      In the unlikely event Plaintiff recovers any damages for past medical expenses in this case, Plaintiff's recovery of past medical expenses should be limited to those amounts actually paid or incurred by or on behalf of Plaintiff pursuant to Section 41 of the Texas Civil Practice and Remedies Code and applicable law.

6.      SBR invokes § 18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earning capacity, loss of contributions of a pecuniary value or a loss of inheritance that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.  SBR further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

### OTHER DEFENSES

7.      SBR gives notice that it intends to rely upon such other defenses or denials as may become available to appear during discovery as it proceeds in this matter and reserves the right to supplement or amend this pleading in a manner authorized by the Federal Rules of Civil Procedure.

## JURY DEMAND

SBR demands a trial by jury in this matter.

DEFENDANT SUBARU CORPORATION having fully answered Plaintiff's Complaint, asks that Plaintiff take nothing in this suit, for a judgment in favor of SBR, SBR be awarded all costs and expenses incurred in its behalf, and for such other and further relief, both at law and in equity, to which SBR may show itself justly entitled.

Respectfully submitted,


/s/ Gary W. Davis, Jr.
GARY W. DAVIS, JR., *lead counsel*
State Bar No. 5492500
**BUTLER SNOW LLP**
1400 Lavaca Street, Suite 1000
Austin, Texas 78701
737-802-1800 P
737-802-1801 F
gary.davis@butlersnow.com
cindy.davis@butlersnow.com

JOSE M. LUZARRAGA
State Bar No. 791149
**BUTLER SNOW LLP**
5430 LBJ Freeway, Suite 1200
Dallas, Texas 75240
469-680-5500 P
469-680-5501 F
jose.luzarraga@butlersnow.com

**COUNSEL FOR DEFENDANT**
**SUBARU CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on May14, 2020, a true and correct copy of this document was electronically filed using the CM/ECF system, which will send notification of this filing to all counsel of record who are registered to receive such notifications.

*/s/ Gary W. Davis, Jr.* _____

52871847.v2